Battle, J.
 

 The plaintiffs in this motion base their application to the Court tipon the 84th section of the 31st chapter of Revised Statutes, which enacts as follows: “ When
 
 *227
 
 -several persons are made defendants to any action of tres.pass, assault and battery, false imprisonment, or ejectment, and any one or -more of them shall upon the trial thereof be acquitted by verdict, every person or persons s© .acquitted shall have and recover his costs of suit in like manner, as if a verdict had been given against the plaintiff or plaintiffs, and acquitted all the defendants; unless the Judge, before whom such cause shall be tried, shall, immediately •after the trial thereof, in open. Court, ’certify upon the record, under his hand, that there was a reasonable cause for making such person or persons, defendant or defendants to such action or plaint.” By the express terms’-of this enactment, the applicants were entitled to have the attendance ■of their witnesses taxed as costs against the plaintiff in the action, upon the failure of the Judge to certify, that they were properly made defendants, if the costs of the attendance of such witnesses, or any part of it, were paid for -by them, or were a proper charge against them.. Why was it -not ? The witnesses were summoned by all the defendants by a joint subptena, and if they attended, they had a right ■to demand pay for such attendance, and (as this motion comes up) we are to take it that they were paid by all, each paying his proportional part.' No objection is made to the three acquitted defendants moving in this matter, and we think they are entitled to have half the costs of the witnesses in question taxed against the plaintiff in the action. The objection that the pleas were joint, is untenable, for the general issue in such actions, though put in jointly for all the defendants, is in its nature several. Weaver v. Ceyer, 1 Dev. Rep. 337; State v. Smith, 2 Ired. Rep. 402. It is equally untenable for the plaintiff in the action to object that the convicted defendants were bound to pay all the witnesses. With that he had, directly, nothing to do. It was a matter between the defendants themselves, who were ■bound jointly and severally to pay for the attendance of
 
 *228
 
 those whose services they needed.
 
 He became
 
 indeed
 
 incidentally
 
 interested in the question, by its appearing from the verdict that he had unnecessarily and improperly made some of the defendants parties to his suit. He thus became bound to repay them what they had expended in their •defence. That liability the law fixed upon him, and it was unnecessary for the acquitted defendants to press the motion, of which they gave notice at the trial term.
 

 The remaining objection, that it did not appear that the witnesses were sworn, or tendered, oreven were in attendance, comes too late. The plaintiff on the action ought to have been active in the matter himself, by moving, at the trial term, to have the tickets of such witnesses rejected in the taxation of the costs against him. Venable v. Martin, 1 Car. Law Rep. 515.
 

 The order from whieh the appeal was taken must be reversed, as being erroneous in part, which must be certified to the Superior Court of Nash County, to the end that that Court may direct half the costs of the witnesses in question to be taxed against the plaintiff in the action and execution to issue therefor, and the plaintiff must pay the costs of this Court. Satterwhite v. Carson, 3d Ired. Rep. 549.
 

 Judgment reversed.